```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TED McCRACKEN,                  :     CIVIL ACTION
                                :     NO. 07-4097
          Plaintiff,            :
                                :
     v.                         :
                                :
JANET MCNEIL et al.,            :
                                :
          Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              AUGUST 27, 2008

Ted McCracken ("plaintiff") brings this action alleging an array of constitutional violations against numerous defendants, including Janet McNeal[1] and the Commonwealth of Pennsylvania ("Commonwealth"), stemming from the alleged posting of the plaintiff's information on the Pennsylvania Megan's Law[2] Website.  Pending against McNeal is one count for retaliation/conspiracy and three counts which the Court will consolidate into a single count under 42 U.S.C. § 1983.[3]  Pending against defendant Commonwealth is one count for failure to train.

---

[1] This case has been incorrectly captioned as McCracken v. McNeil.  Defendant has indicated that her name is in fact spelled McNeal.

[2] 42 Pa.C.S. § 9791.

[3] Counts IV, VI and VII allege vague constitutional violations caused by plaintiff's continued presence on the website.

-1-

Both defendants have filed motions to dismiss.  Both motions will be granted.

I.   FACTS

Plaintiff was convicted of an unidentified sex offense in 1977 in New York.  In April of 2007, plaintiff moved from New York to Pennsylvania and registered with the Pennsylvania State Police ("PSP"), as required under Megan's Law.  Compl. ¶ 15.  His name was then placed on the PSP Megan's Law website which provided, among other things, his photograph and biographical information.  <u>Id.</u>  Defendant McNeal is employed by the PSP as commander of the Megan's Law unit and is responsible for the Megan's Law website.  On April 30, 2007, plaintiff claims that he telephoned and emailed the PSP to indicate that he had moved to Delaware, and to request that any information concerning him be removed from the Megan's Law website.  <u>Id.</u> at ¶¶ 16 & 17.  This was not done and plaintiff's information continues to appear on the Pennsylvania website, as well as its sister site in New York.  Plaintiff does not challenge the initial placement of his information on the website, only the refusal to remove it.

II.  DISCUSSION

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must "accept as

true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 216 (3d Cir. 2007) (quotation omitted). The Court need not, however, "credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss." Id. (quotation omitted). The "'[f]actual allegations must be enough to raise the right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 & n.3 (2007)). Viewing the allegations as such, the Court must dismiss the complaint if it fails to state a claim upon which relief can be granted.

    A.    Defendant McNeal

        1.    Claims under § 1983

As mentioned above, counts IV, VI and VII are reiterations of the same claim. Plaintiff claims that his constitutional rights were violated when the PSP refused to take the information concerning him off of the Megan's Law website. Section 1983 of Title 42 provides a cause of action for an individual whose constitutional rights are violated by those acting under the color of state law. It states:

> "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,

>subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983.

Under the Pennsylvania version of Megan's Law, the Commissioner of the PSP has authority to "develop and maintain a system for making the [offender's] information . . . publicly available by electronic means so that the public may, without limitation, obtain access to the information via an internet website as directed by the Governor." 42 Pa. S. C. A. § 9798.1. "[Such] information ... shall be made available on the Internet for the entire period during which the offender is required to register." Id. The statutes empower the PSP to promulgate guidelines establishing proper procedures for offenders to conform with the registration requirements of § 9791 et seq. Id. at § 9799.1(2). The PSP standard form titled Sexual Offender Registration Notification, requires an offender to "notify the [PSP] if [he] changes [his] residence within ten calendar days of moving. The Sexual Offender Address Work Sheet, Form SP 4-219, shall be completed in person at any [PSP] station." McNeal Ex. D4.[4]

---

[4] The Court will take judicial notice of Exhibit 4 of the defendant's motion to dismiss. Generally, when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may look only to the facts alleged in the complaint and its

Plaintiff does not deny that he never appeared at the police station to announce his address change, but rather freely admits that he communicated his moving plans via email and telephone only.  Compl. ¶¶ 16 & 17.  Since plaintiff failed to comply with the address change procedures promulgated by the PSP, the PSP's refusal to remove the challenged information from the website is insufficient to trigger a constitutional violation.

For the above reasons, Counts IV, VI and VII of the complaint will be dismissed.

2.   <u>Retaliation</u>

Count III of the complaint alleges retaliation under the First Amendment and § 1983.  To plead a claim for retaliation, a plaintiff must demonstrate "(1) that [he] engaged in protected activity, (2) that the government responded with retaliation, and (3) that the protected activity was the cause of the retaliation." <u>Est. of Smith v. Marasco</u>, 318 F.3d 497, 512 (3d Cir. 2003) (citing <u>Anderson v. Davila</u>, 125 F.3d 148, 161 (3d Cir. 1997)).  If plaintiff succeeds in demonstrating the above, the burden shifts to the defendants to show that the actions

---

attachments.  <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, matters of public record may also be considered without converting the motion to dismiss into a motion for summary judgment. <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

alleged to have constituted the retaliation would have occurred notwithstanding the protected activity.  Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001); Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977) (holding that a defendant must show that the protected conduct was a "substantial or motivating factor."). "[A] court may insist that the plaintiff put forward specific, non-conclusory factual allegations that establish improper motive causing cognizable injury in order to survive a pre-discovery for dismissal or summary judgment." Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

     Plaintiff alleges that McNeal's decision to keep information concerning him on the website was in retaliation for various lawsuits he had filed against numerous police personnel. Assuming plaintiff's conduct constituted a protected activity, and that McNeal was aware of this conduct, plaintiff still fails to state a claim for retaliation because he did not utilize the proper channels to have information concerning him removed; it is undisputed that plaintiff did not appear in person to have his information taken off the website.  Consequently, plaintiff cannot meet his burden of showing a causal link between the filing of his lawsuits, and his appearance on the website, and certainly fails to demonstrate that the former was a "substantial or motivating factor" for the latter.  Marasco, 318 F.3d at 512. For these reasons, plaintiff's retaliation claim must be

dismissed.

       3.   <u>Conspiracy</u>

Count III of the complaint also alleges conspiracy, under § 1985, against McNeal and an unknown New York counterpart. McNeal argues that Plaintiff cannot demonstrate that the alleged conspiracy was motivated by a racial, class-based, or otherwise discriminatory animus.

To prove a conspiracy under § 1985, a plaintiff must demonstrate "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person in his property or person or deprived of any right or privilege of a citizen of the United States." <u>Farber v. City of Paterson</u>, 440 F.3d 131, 134 (3d Cir. 2006). Furthermore, a plaintiff must allege discrimination against a "specific, identifiable class of persons." <u>Id.</u> at 135; <u>see also</u> <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268-69 (1993) ("there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to prevail on a conspiracy claim under § 1985).

As it has been previously determined that the plaintiff

did not suffer from a constitutional deprivation, there can be no conspiracy claim.  Nor has plaintiff alleged that the conspiracy was motivated by racial or some other class based discriminatory animus.  As such, plaintiff's claims for conspiracy against McNeal must be dismissed.


    B.   Defendant Commonwealth

Defendant Commonwealth filed a motion to dismiss (doc. no. 12) on February 20, 2008.  After the plaintiff failed to respond, the Court, in an order dated June 18, 2008, issued a Rule to Show Cause (doc. no. 27) why the Commonwealth's motion to dismiss should not be granted as unopposed.  Plaintiff failed to return the order by the specified date and has yet to address any arguments made by the Commonwealth in its motion.  As such, all claims pending against defendant Commonwealth shall be dismissed.

III. CONCLUSION

For the reasons stated above, all claims pending against defendant McNeal and defendant Commonwealth shall be dismissed.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TED MCCRACKEN                    :    CIVIL ACTION
                                 :    NO. 07-4097
         Plaintiff,              :
                                 :
    v.                           :
                                 :
                                 :
JANET MCNEIL, et al.,            :
                                 :
         Defendants.             :
```

### ORDER

**AND NOW**, this **27th** day of **August, 2008,** it is hereby **ORDERED** that defendant McNeal's motion to dismiss (doc. no. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Commonwealth of Pennsylvania's motion to dismiss (doc. no. 27) is **GRANTED as unopposed.**

**IT IS FURTHER ORDERED** that the remaining unserved defendants, Nancy Shaheen, John Theirwechtler, Officer Lanza, Officer Urbank, John Doe, John Doe II, John Doe III, John Doe V, John Doe VI, John Doe VII, and John Doe VIII, are **DISMISSED** from the case **without prejudice.**

As there are no remaining defendants, **IT IS FURTHER ORDERED** that this case be marked **CLOSED.**

    **AND IT IS SO ORDERED**

        **/s/ Eduardo C. Robreno**
        **EDUARDO C. ROBRENO, J.**